**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| VALERIE TAFOYA, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-02356-XR |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| MINNESOTA LIFE INSURANCE | § | |
| COMPANY, | § | |
| *Defendants* | § | |

## ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiff Valerie Tafoya's motion to remand (ECF No. 3), Defendant Onity Mortgage Corporation's response (ECF No. 4),[1] and Plaintiff's reply (ECF No. 5). After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiff Valerie Tafoya filed this action in state court in June 2021, asserting claims as the administratrix of the estate of her late father, Richard Torrez, against two mortgage loan servicers—PHH Mortgage Corporation ("PHH") and Ocwen Loan Servicing, LLC ("Ocwen"). Specifically, Plaintiff asserts a cause of action against Ocwen for conversion, alleging that Ocwen failed to apply insurance proceeds it received after Torrez's death to the balance of the mortgage loan. Plaintiff further alleges that, after Ocwen transferred servicing of the loan to PHH, PHH falsely threatened foreclosure of Torrez's property in violation of Tex. Fin. Code § 392.301(a).

PHH first removed this action to federal court in August 2021, alleging diversity jurisdiction. *Tafoya v. PHH Mortgage Corporation*, No. 5:21-cv-751-XR, ECF No. 1 (W.D. Tex.

---

[1] Onity Mortgage Corporation, f/k/a PHH Mortgage Corporation, on its own behalf and as successor-by-merger to Ocwen Loan Servicing, LLC.

Aug. 9, 2021). The Court remanded the case *sua sponte*, however, concluding that the amount-in-controversy requirement was not satisfied:

> [I]t is not facially apparent from the original petition that the claims asserted exceed the jurisdictional amount. Indeed, the petition explicitly states that Plaintiff "seeks less than $75,000 in relief." PHH does not argue, and the Court does not find, that such a claim was made in bad faith, so this sum controls the amount in controversy. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar*, 47 F.3d at 1408.
>
> Nonetheless, PHH contends that the amount-in-controversy requirement is satisfied here because Plaintiff aims to "preserve her father's estate" and thus the proper measure of the amount in controversy is the fair market value of the mortgaged property. Here, PHH asserts that the value of the mortgaged property is at least $162,810.00. It is true that in a declaratory judgment action, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). Here, however, Plaintiff is not seeking declaratory relief and is not attempting to prevent foreclosure of the property. She merely seeks to recover the insurance payment (in the total amount of $37,418.10) that Ocwen failed to apply to the note and to recover actual damages sustained in connection with PHH's debt collection practices pursuant to Tex. Fin. Code § 392.403. In short, PHH's proposed measure of the amount in controversy—the market value of property—is inapposite based on the claims actually asserted in the original petition, and the amount asserted on the face of the petition will control.

*Id.*, ECF No. 2 at 2–3 (record citations omitted).

The case returned to state court in August 2021. In January 2023, Plaintiff filed her First Amended Petition, adding Minnesota Life Insurance Company as a defendant, removing the stipulation that she sought less than $75,000 in relief, and pleading "monetary relief of $250,000 or less and non-monetary relief." *See* ECF No. 6-1 at 51–59.

On December 1, 2025, Defendant Onity Mortgage Corporation ("Onity"), served two interrogatories, asking Plaintiff to state (1) the total amount of damages sought and (2) the total amount of mental anguish damages sought. *See* ECF No. 6-1 at 111. On January 7, 2026, after Plaintiff objected without providing a substantive response, Onity asked Plaintiff to amend her answers within seven days to avoid a motion to compel. *See* ECF No. 6-3 at 105, 120–21.

2

When Plaintiff failed to provide amended responses to the interrogatories, Onity filed a motion to compel them, ECF No. 6-3 at 98–102, which the state court granted in March 2026. ECF No. 6-5 at 40–41. Plaintiff complied with the state court's order, amending both responses to state, in relevant part, that she "intends to ask the jury to award the jurisdictional limits of this Court." ECF No. 1-2 at 5. The jurisdictional limit of county courts in Texas is $325,000. *See* Tex. Gov't Code § 25.0003.

On April 9, 2026, four days before the scheduled jury trial, Onity removed the case for a second time based on diversity jurisdiction, citing Plaintiff's amended interrogatory response as evidence that the amount-in-controversy requirement was satisfied. ECF No. 1.

Plaintiff has moved to remand. She argues that removal was untimely considering the one-year deadline for removal in diversity cases. *See* ECF No. 3; 28 U.S.C. § 1446(c)(1). Onity does not contest that removal occurred nearly five years after this suit was filed. Instead, it asserts that the deadline is inapplicable because Plaintiff acted in bad faith to prevent removal. ECF No. 4.

## DISCUSSION

### I.    Legal Standard

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

The amount in controversy, exclusive of costs and interest, must exceed $75,000. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of showing that federal jurisdiction exists

and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It follows, then, that the removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar*, 47 F.3d at 1408. If the plaintiff does not allege a specific amount in damages, the removing defendant must prove that the amount in controversy is sufficient to support federal jurisdiction, *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), through "summary-judgment type evidence." *Greenberg*, 134 F.3d at 1253.

The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## II.    Analysis

A defendant may not remove a case on the basis of diversity jurisdiction "more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The Fifth Circuit has provided (limited) guidance on the bad-faith exception to the one-year limitation since it was enacted in 2011. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292–

4

94 (5th Cir. 2019)[2]. When assessing whether a plaintiff acted in bad faith to avoid federal jurisdiction, "the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Id.* at 293 (quoting 28 U.S.C. § 1446(c)(1)); *see also Jones v. Ramos Trinidad*, 380 F. Supp. 3d 516, 520 (E.D. La. 2019) (noting that courts have focused on whether "plaintiff's conduct demonstrates manipulation of the removal rules"). "That 'bad faith' requires looking for willfully obstructive behavior on the plaintiff's part is bolstered by § 1446(c)(3)(B), which states that if 'the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith.'" *Brueckner v. Hertz Corp.*, No. 4:20-cv-00334, 2023 WL 7130865, at *2 (S.D. Tex. Oct. 30, 2023). In short, to assess whether the bad faith exception applies, the Court only looks at the plaintiff's actions. *See id.* Here, there is ample evidence that Plaintiff acted in bad faith to avoid federal jurisdiction.

To begin, under Texas Rule of Civil Procedure 194.2(b)(4), Plaintiff was required to disclose the "amount and any method of calculating economic damages" she sought within 30 days of the first answer or general appearance. It appears undisputed that Plaintiff failed to provide any such disclosure between the date PHH filed its answer (August 2, 2021) and the date Onity filed its motion to compel (February 9, 2026). *See* ECF No. 6-1 at 29; ECF No. 6-3 at 98, 100 ("PHH has received no documents, calculations, or explanation concerning Plaintiff's alleged damages.").

Plaintiff argues that the amended petition she filed in January 2023—removing the prior stipulation for less than $75,000 and stating a claim for up to $250,000—should have put Onity on notice that the case was removable. *See* ECF No. 3 at 2. The Court disagrees, for two reasons.

---

[2] Congress adopted the explicit, bad-faith exception to the one-year bar under § 1446(c)(1) in 2011, superseding the implicit equitable exception endorsed by the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (2003). *Hoyt*, 927 F.3d at 293 (concluding that the statutory bad-faith exception must be distinct from the *Tedford* standard).

First, in evaluating bad faith under 28 U.S.C. § 1446(c)(1), the Court must look to *Plaintiff*'s past conduct, not Onity's. *See Hoyt*, 927 F.3d at 293

Second, the 2023 amendment did not render the case removable. Plaintiff's claim for "monetary relief of $250,000 or less and non-monetary relief," ECF No. 6-1 at 51, merely represents a category of damages under Texas Rule of Civil Procedure 47(c). And "an allegation that a party is seeking monetary relief of [$250,000] or less is not tantamount to a claim that the party is seeking at least $75,000, exclusive of interest and costs." *Wilson v. JPMorgan Chase Bank, N.A.*, No. 4:13-CV-877-A, 2013 WL 5952576, at *3 (N.D. Tex. Nov. 7, 2013) (quotation omitted).[3] In other words, had Defendant removed the case based on Plaintiff's amendment, this Court would have remanded it for a second time for failure to satisfy the amount-in-controversy requirement.

On the other hand, the timing of the amendment—18 months after the original petition was filed—suggests that it was intended to circumvent the removal rules. Although a plaintiff may properly limit her damages to less than $75,000 in order to avoid federal jurisdiction,[4] discarding such a limiting statement after the one-year period concludes is evidence of bad faith. *See Espinoza v. Allstate Tex. Lloyd's*, 222 F. Supp. 3d 529, 536 (W.D. Tex. 2016).

Ultimately, Plaintiff did not provide disclosures due under Texas law in September 2021 until a court ordered her to do so in March 2026. *See* Tex. R. Civ. P. 194.2(b)(4). Even her amended responses—served just two weeks before trial—failed to fully satisfy the disclosure requirements by providing a *method* of calculating economic damages without identifying a specific *amount* of economic damages she sought. *See* ECF No. 1-2 at 6 ("Plaintiff seeks payment of the mortgage

---

[3] *See also Power Mgmt. Controls, Inc. v. 5Nickles, Inc.*, No. 3:20-CV-00154, 2020 WL 4678055, at *6 (S.D. Tex. June 25, 2020) (Plaintiff's "statement in the Original Petition that it is seeking less than [$250,000] provides no guidance or assistance to determine whether the amount in controversy in the Original Petition exceeds $75,000.").

[4] *See Morales v. Allstate Tex. Lloyds*, 410 F. Supp. 3d 816, 821 (S.D. Tex. 2019); *Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 868 (N.D. Tex. 2017).

6

loan and a refund of all amounts she paid on the mortgage that were covered by insurance."). By any measure, Plaintiff's refusal to disclose the amount and calculation of damages for over four years was unreasonable.[5]

Together, Plaintiff's removal of the limiting statement from her petition after the expiration of the one-year period and her refusal to provide required disclosures about the amount she sought in damages until days before trial establish by a preponderance of the evidence that Plaintiff acted in bad faith to avoid this forum and that removal was timely under 28 U.S.C. § 1446(c)(1). *Hoyt*, 927 F.3d at 293.

**CONCLUSION**

Because Onity has established that Plaintiff acted in bad faith to avoid federal jurisdiction, the order to remand (ECF No. 3) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 3rd day of June, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] *See Keystone Architects v. Lanai Dev., L.L.C.*, No. 13-05-542-CV, 2008 WL 523272, at *3 (Tex. App.—Corpus Christi, Feb. 28, 2008, no pet.) (mem. op.) (vacating jury award and entering judgment for defendant because the plaintiff "failed to timely provide evidence of economic damages[] [and thus could not] establish any of their causes of action"); *see also* Tex. R. Civ. P. 193.5(b) (presuming that a supplemental response made less than 30 days before trial is "not made reasonably promptly").